UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**EARL L. GRISE**,

    Plaintiff,

v.                                                                                         2:22-cv-453-NPM

**COMMISSIONER OF SOCIAL SECURITY**,

    Defendant.

---

# ORDER

Plaintiff Earl L. Grise seeks judicial review of a denial of Social Security disability benefits. The Commissioner of the Social Security Administration filed the transcript of the proceedings (Doc. 12),[1] Grise filed an opening brief (Doc. 16), the Commissioner responded (Doc. 17), and Grise replied (Doc. 18). For the reasons discussed below, the decision of the Commissioner is affirmed.

## I.     Eligibility for Disability Benefits and the Administration's Decision

### A.     Eligibility

The Social Security Act and related regulations define disability as the inability to do any substantial gainful activity by reason of one or more medically determinable physical or mental impairments that can be expected to result in death

---

[1] Cited as "Tr." followed by the appropriate page number.

or that have lasted or can be expected to last for a continuous period of not less than twelve months.[2] Depending on its nature and severity, an impairment limits exertional abilities like walking or lifting, nonexertional abilities like seeing or hearing, tolerances for workplace conditions like noise or fumes, or aptitudes necessary to do most jobs such as using judgment or dealing with people.[3] And when functional limitations preclude both a return to past work and doing any other work sufficiently available in the national economy (or an impairment meets or equals the severity criteria for a disabling impairment as defined in the regulatory "Listing of Impairments"), the person is disabled for purposes of the Act.[4]

**B. Factual and procedural history**

On October 28, 2020, Grise applied for disability insurance benefits. (Tr. 105). He asserted an amended onset date of July 25, 2017. (Tr. 162). Grise provided the following grounds for his application: memory problems, skin disease, and stomach problems. (Tr. 95, 107). As of the alleged onset date, Grise was 53 years old with a

---

[2] *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3); 20 C.F.R. § 404.1505.

[3] *See* 20 C.F.R. § 404.1513(a)(2)(i)-(iv) (discussing the various categories of work-related abilities), 404.1522(b) (providing examples of abilities and aptitudes necessary to do most jobs), 404.1545(b)-(d) (discussing physical, mental, and other abilities that may be affected by an impairment), 404.1594(b)(4) (defining functional capacity to do basic work activities).

[4] *See* 20 C.F.R. § 404.1511.

high-school education. (Tr. 94, 107). He previously worked in landscaping and maintenance. (Tr. 195).

On behalf of the administration, a state agency[5] denied the application initially on February 3, 2021, and upon reconsideration on April 14, 2021. (Tr. 94, 107). At Grise's request, Administrative Law Judge (ALJ) Charles Arnold held a hearing on August 19, 2021. (Tr. 62). On September 22, 2021, the ALJ issued an unfavorable decision finding Grise was not disabled. (Tr. 25). Grise's timely request for review by the Administrative Appeals Council was denied. (Tr. 1-3). Grise then brought the matter to this court, and the case is ripe for judicial review.

### C.     The ALJ's decision

The ALJ must perform a five-step sequential evaluation to determine if a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). This five-step process determines:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in significant numbers in the national economy.

*Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (internal quotation omitted); *see also* 20 C.F.R. § 404.1520(a)(4).

---

[5] In Florida, a federally funded state agency develops evidence and makes the initial determination whether a claimant is disabled. *See* 42 U.S.C. § 421(a); 20 C.F.R. § 404.1503(a).

The governing regulations provide that the Social Security Administration conducts this "administrative review process in an informal, non-adversarial manner." 20 C.F.R. § 404.900(b). Unlike judicial proceedings, Social Security Administration hearings "are inquisitorial rather than adversarial." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1364 (11th Cir. 2018) (quoting *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality opinion)). "Because Social Security hearings basically are inquisitorial in nature, '[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits.'" *Id.* Indeed, "at the hearing stage, the commissioner does not have a representative that appears 'before the ALJ to oppose the claim for benefits.'" *Id.* (quoting *Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000)). "Thus, 'the ALJ has a basic duty to develop a full and fair record. This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Nonetheless, while the claimant is relieved of the burden of production during step five as to whether there are enough jobs someone like the claimant can perform, the claimant otherwise has the burdens of production and persuasion throughout the process. *See* 20 C.F.R. §§ 404.1512 (providing that the claimant must prove disability); *see also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (noting the regulations "place a very heavy burden on the claimant to demonstrate both a

qualifying disability and an inability to perform past relevant work"). In short, the "overall burden of demonstrating the existence of a disability as defined by the Social Security Act unquestionably rests with the claimant." *Washington*, 906 F.3d at 1359 (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

At step one of the evaluation, the ALJ found Grise had not engaged in substantial gainful activity from July 25, 2017, the alleged onset date, through December 31, 2017, his date last insured. (Tr. 23). At step two, the ALJ characterized Grise's severe impairments as: scrotal abscess, hydrocele, and varicocele. (*Id.*). At step three, the ALJ determined Grise did not have an impairment or combination of impairments that met or medically equaled the severity of an agency-listed impairment. (*Id.*).

As a predicate to step four, the ALJ determined that Grise "had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c)." (Tr. 23). Consequently, the ALJ found Grise was able to perform past relevant work as a Building Maintenance/Repairer (DOT #899.381-010; SVP 7; medium) and Landscaper (DOT #408.161-010; SVP 7; heavy). (Tr. 25).[6] Thus, for

---

[6] The DOT numbers refer to the *Dictionary of Occupational Titles* and its detailed explanations concerning each occupation's requirements. These descriptions include exertion and skill levels. Exertion refers to the work—in a purely physical sense—that the job requires, and it is divided into five categories: sedentary, light, medium, heavy, and very heavy. Skill refers to the time it takes—during or before a job, such as prior experience or education—to develop necessary abilities, and it is divided into three categories: unskilled, semiskilled, and skilled. The "SVP" (Specific Vocational Preparation) provides further subdivision of the three skill categories into nine levels: SVP 1 and 2 are unskilled; SVP 3 and 4 are semiskilled; and SVP 5 through 9 are

purposes of the Act, the ALJ concluded Grise was not disabled from July 25, 2017, the amended alleged onset date, through December 31, 2017, the date last insured. (Tr. 25).

## II.   Analysis

Grise's appeal presents two issues for review:

1) Whether the ALJ properly considered Grise's subjective complaints of pain; and

2) Whether the ALJ erred by failing to discuss certain medical opinions.

### A.   Standard of review

The court "may not decide the facts anew, make credibility determinations, or reweigh the evidence." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 997 F.3d 1127, 1132 (11th Cir. 2021). While the court must account for evidence both favorable and unfavorable to a disability finding and view the evidence as a whole, *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), the court's review of the administration's decision is limited to determining whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1280 (11th Cir. 2020)

---

skilled.

(quoting *Crawford*, 363 F.3d at 1158)).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The inquiry is "case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Id*. at 1157. In other words, a "presumption of validity attaches" to the ALJ's factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987). And if supported by substantial evidence, the ALJ's findings of fact are conclusive. 42 U.S.C. § 405(g). This means the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence "preponderates against" the agency's decision. *Noble v. Comm'r of Soc. Sec.*, 963 F.3d 1317, 1323 (11th Cir. 2020) (quoting *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

**B.     The ALJ properly considered Grise's subjective complaints of pain.**

Grise testified to various unpleasant symptoms relating to the condition of his scrotum. But the ALJ was not convinced about the intensity and persistence of those symptoms. So Grice now claims that the ALJ "failed . . . to perform any analysis at all" with respect to his subjective complaints. (Doc. 16 at 19). The court disagrees.

When considering a claimant's subjective complaints, an ALJ must follow a two-step process. SSR 16-3p, 2017 WL 5180304, *3 (Oct. 25, 2017). First, the claimant must provide evidence of an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's

symptoms. Second, the ALJ must evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities. *Id.* at *3-4.

If the objective medical evidence does not substantiate the claimant's statements about the intensity, persistence, and functionally limiting effects of symptoms, then the ALJ must consider other evidence in the record to determine if, and to what extent, the claimant's symptoms limit his ability to do work-related activities. This other evidence includes a claimant's daily activities; the location, duration, frequency, and intensity of the individual's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication taken to relieve the symptoms; treatment, other than medication, for the symptoms; any other measure used to relieve the symptoms; and any other factors concerning functional limitations and restrictions due to the symptoms. *See* 20 C.F.R. §§ 404.1529(c), 404.1545(a)(3); SSR 16-3p, 2017 WL 5180304 at *7-8. The regulations provide that, generally, a claimant's statements about his symptoms, alone, will not establish disability; there must also be objective medical evidence. *See* 20 C.F.R. § 404.1529(a)-(b).

The ALJ found that Grise's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Grise's] statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." (Tr. 24). He came to this conclusion after reviewing Grise's treatment history. The ALJ highlighted treatment notes stating that Grise was doing well and that his swelling had improved significantly. (Tr. 24, 429, 513, 516-518, 525, 528-530). The ALJ also noted ultrasound results finding normal testicles and mild hydrocele formation. (Tr. 24, 956). So the ALJ pointed to specific evidence to support his finding that Grise's statements of disabling symptoms were not consistent with the objective medical evidence of record. This is sufficient. The best Grise can offer is evidence that counters the ALJ's finding. But the court declines his invitation to reweigh the evidence and potentially come to a different conclusion. *See Borges v. Comm'r of Soc. Sec.*, 771 F. App'x 878, 822 (11th Cir. 2019) ("To the extent that Borges points to other evidence that would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of this Court's appellate review, which precludes it from re-weighing the evidence or substituting its own judgment for that of the Commissioner.").

    **C.    Any potential error in failing to discuss the opinions of Drs. Ianniello and Churton was harmless.**

During the hearing, the ALJ left the record open for Grise's treating physicians to review his 2017 records and provide their opinions about his limitations at that time. (Tr. 81-83). In response, Dr. Ianniello reported only one limitation on a check-box form—that Grise was limited to standing or walking for "less than 4 hour

- 9 -

increments at one time. . . ." (Tr. 963). Ianniello reported no other limitations. Dr. Churton provided the same check-box form with the same sole limitation. (Tr. 960-961).

Grise argues the ALJ erred by not mentioning these opinions in his decision. To start, the two medical opinions are included in the record. And the ALJ stated in his decision that he "fully considered the medical opinions and prior administrative findings." (Tr. 25). It is true that the ALJ did not expressly reference Ianniello or Churton's opinions, and that he stated there were "no treating physician opinions regarding claimant's limitations during the period at issue." (Tr. 25). But the ALJ appears to have been conveying a point that is uncontroverted—Grise did not submit an opinion from a physician who treated him during the period at issue.

More important, the ALJ found that Grise "had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c)." (Tr. 23). And medium work assumes normal morning, lunch, and afternoon breaks. *See, e.g., Rhonda E. G. v. Saul*, No. 8:20-cv-01423 KES, 2021 WL 2262552, *7 (C.D. Cal. June 3, 2021) ("In the social security disability benefits context, a normal workday contemplates a morning, lunch, and afternoon break."); *Degraffenreid v. Colvin*, No. 15-cv-10185-ADB, 2016 WL 5109509, *7 (D. Mass. Sept. 20, 2016) (explaining that state-agency doctors express RFC opinions about sustaining concentration in two-hour blocks because the regulations contemplate

regular breaks in a work day); *Noble v. Colvin*, No. CIV. 13-353-ART, 2014 WL 2612495, *3 (E.D. Ky. June 11, 2014) (finding a limitation of "adequate and frequent breaks" consistent with medium work). The doctors opined that Grise could not stand or walk for four hours straight. Otherwise they both opined that Grise had no other limitation. So their opinions are consistent with the RFC. Because medium work includes regular breaks, and the opinions limit Grise to needing a break every four hours, any error associated with failing to recount the content of these opinions is harmless.[7]

### III.   Conclusion

Upon consideration of the submission of the parties and the administrative record, substantial evidence supports the ALJ's decision and there was either no error or no harmful error in the ALJ's application of the correct legal standard. Accordingly, the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g), and the clerk is directed to enter judgment, terminate any pending motions and deadlines, and close the case.

**ORDERED** on September 29, 2023.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

---

[7] During the hearing, Grise's counsel questioned the VE about Grise having to take a break every fifteen minutes, not every four hours. (Tr. 88).